UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AIR SEA TRANSPORT, INC., <br><br> Plaintiff, <br><br> v. <br><br> NIKI INTERNATIONAL, INC., et al, <br><br> Defendants. | Civ. No. 2:12-6244 (KM) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (Docket No. 29) of Plaintiff, Air Sea Transport, Inc. ("AST"), for default judgment against Defendant Niki International, Inc. ("Niki"). AST moves for a default judgment against Niki International for failure to obtain substitute counsel and prosecute the case.

## I. BACKGROUND

AST commenced this action to be indemnified for two 2012 judgments against AST. The judgments were obtained by Yantai Zhonglian Industry Co. ("Zhonglian") in the Qingdao Maritime Court, People's Republic of China (the "PRC judgments"). Pl. Br. (Docket No. 30) at 4, 7; Complaint (Docket No. 1). AST asserts claims under admiralty and common tort law against Defendants Niki and Welton Shipping Co.

The underlying PRC judgments concern two shipments of cotton bedding to the U.S. *Id.* at 4. On February 4, 2010, Niki contracted to purchase cotton bedding from Zhonglian for $192,515.77. *Id.* at 1-2. On June 11, 2010, Niki and Zhonglian entered into a second cotton bedding purchase agreement for $215,058.22. *Id.* at 2.

Plaintiff AST is a Non-Vessel-Operating Common Carrier. Pl. Br. at 2. AST was engaged by Zhonglian to transport the two shipments by sea from Qingdao, China,to the Port of Los Angeles, California. *Id.* The ocean carriage

1

was arranged by Bondex, AST's PRC agent. *Id.* AST issued two House Bills of Lading ("HBL") for the ocean carriage. HBL QD05110060241 was issued June 23, 2010, for the first shipment and HBL QD0510080082 was issued August 11, 2010, for the second shipment. *Id.* Both HBLs identified Zhonglian as the shipper and Niki as the consignee/receiver. *Id.* The first shipment arrived in Los Angeles on or about July 10, 2010, and was picked up by Niki on or about July 28, 2010. *Id.*; Answer (Docket No. 4) ¶ 14. To date, that shipment remains in Niki's possession, custody, or control. *Id.* at 3; Answer ¶ 15. The second shipment arrived in Los Angeles on or about August 27, 2010, and was picked up by Niki on or about September 30, 2010. *Id.*; Answer ¶ 25. That shipment also remains in Niki's possession, custody, or control. *Id.*; Answer ¶ 26.

On May 10, 2011, Zhonglian filed two lawsuits against AST and its agent Bondex in the Qingdao Maritime Court in the PRC. Pl. Br. at 3. Zhonglian alleged that Niki failed to make payment on the two shipments and further alleged that AST breached its obligation when it allowed Niki to take delivery of the shipments without proof that Niki had paid Zhonglian for them. *Id.* AST contended that it had no such obligation, but the Qindao Maritime Court entered judgment against AST in the amount of $405,573.99. *Id.* (citing Zhou Cert. (Docket No. 31) ¶ 8). The court also awarded Zhonglian RMB 34,518 (approximately $5,685.42) in court fees. *Id.* (citing Zhou Cert. ¶ 12). AST appealed the judgment to the Shandong People's High Court of the PRC. The appellate court affirmed the judgment and awarded additional court fees in the amount of RMB 34,518. *Id.* at 4 (citing Zhou Cert. ¶¶ 13-14).

On October 1, 2012, AST commenced this action, asserting that Niki and Welton Shipping Co. were bound to indemnify AST for its payment of the PRC judgments. (Docket No. 1). Niki filed an answer to the complaint on November 2, 2012. (Docket No. 4). On November 29, 2012, Welton also answered the complaint and asserted a cross-claim against Niki. (Docket No. 6).

On June 24, 2013, at an initial scheduling conference before Hon. Michael A. Hammer, United States Magistrate Judge, Niki's counsel stated that Niki had reached a settlement "in principle" with Zhonglian which would resolve the PRC judgments against AST. Pl. Br. at 4. However, no further communication was received by AST regarding a settlement, and in July 2013, AST was obligated to pay the two outstanding PRC judgments. *Id.* On July 12, 2013, Bondex, as AST's agent, paid the PRC court account RMB 2,801,362.45 (approximately $461,409.62) in satisfaction of the two PRC judgments. *Id.* (citing Zhou Cert. ¶ 15).

2

On July 29, 2013, Judge Hammer entered a pretrial scheduling Order directing the parties to serve discovery requests on or before August 12, 2013. (Docket No. 21). On August 9, 2013, AST served Niki with interrogatories and document requests. Pl. Br. at 4 (citing Chang Decl. (Docket No. 32) Ex. E). Niki did not respond to the requests as required by Judge Hammer's July 29, 2013 Order. *Id.* AST contacted Niki's counsel by email on September 17, 2013, and by telephone on September 24, 2013. *Id.* (citing Chang Decl. Exs. E, F). Niki's counsel represented that Niki would respond to the outstanding requests by October 3, 2013. *Id.* (citing Chang Decl. Ec. G). Niki did not do so. Instead, Niki's counsel moved to withdraw as counsel on October 8, 2013. (Docket No. 22).

On November 8, 2013, Judge Hammer presided over an in-person conference and hearing on the motion of Niki's counsel to withdraw. *See* Docket No. 25. Niki's President/Vice President, Nikhil Poddar, attended the conference on Nikki's behalf. In an Order entered the same day, Judge Hammer granted the motion for withdrawal and directed Niki to obtain substitute counsel by December 8, 2013. (Docket No. 26). The Order stated that failure to comply with its terms would "result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37." *Id.* Despite this warning, Niki failed to obtain counsel or contact the Court regarding its failure to do so.

On December 10, 2013, AST requested that default be entered against Niki. The next day, the Clerk of the Court entered default against Niki for failure to plead or otherwise defend the lawsuit. (Docket No. 27). On December 18, 2013, Welton also requested that default be entered against Niki. (Docket No. 28). AST now moves for default judgment against Niki.[1] Pl. Br. (Docket No. 30) at 1. Niki has not opposed or otherwise responded to the motion.

## II.   ANALYSIS

In the ordinary course, "the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause

---

[1]   Welton has not moved for default judgment on its cross-claim against Niki.

3

of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

In the context of default, "defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F.Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Id.* at *2.

This case presents an unusual backdrop for default judgment. Defendant Niki International was properly served and it answered the Complaint. (Docket No. 4). Thereafter, however, Niki failed to comply with discovery orders and ceased any activity to move the case forward. On November 8, 2013, Niki's counsel, with leave of the court, withdrew. Since that date, Niki has failed to comply with the Magistrate Judge's order to obtain new counsel, and it has not participated in the lawsuit in any way. AST moves for default pursuant to Fed. R. Civ. P. 55 for failure to defend. In the alternative they move for the entry of default judgment as a sanction under Fed. R. Civ. P. 16(f) and 37(b) for failure to obey a scheduling or other pretrial order.

Both Rules 55 and 16 provide a basis for entering summary judgment against Niki.

### A. Default Judgment Under Rule 55

Under Rule 55(a), default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." This Circuit and others have broadly interpreted "otherwise defend." *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) (finding that trial court could have imposed default for failure to comply with orders to obtain substitute counsel, file a pretrial memorandum, and respond to discovery requests); *City of New York v. Michalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (discussing failure to defend and withdrawing counsel without finding substitute); *Gulf*

4

*Coast Fans, Inc. v. Midwest Elecs. Importers*, 740 F.2d 1499, 1512 (11th Cir. 1984) (discussing failure to appear at trial). After the entry of default, the court may enter default judgment upon a motion from the party seeking the default judgment. Fed. R. Civ. P. 55(b)(2). If the party against whom a default judgment is sought has appeared personally, that party or its representative must be served with written notice of the application at least seven days before the hearing. *Id.*

Here, Niki was served personally with the Motion for Default Judgment by mail on December 23, 2013.[2] (Docket No. 29-3). Niki was aware of its obligation to appoint new counsel and respond to the outstanding discovery requests pursuant to Judge Hammer's Order and the status conference its representative attended on November 8, 2013. (Docket No. 26). In the more than eight months since that Order was entered, Niki has failed to comply or in any way participate in this lawsuit. Niki's failure to obtain new counsel and participate in discovery thus constitutes "failure to defend" under Rule 55, and the entry of default judgment is appropriate on that basis. *Hoxworth*, 980 F.2d at 919.

### B. Default Judgment as a Sanction

Moreover, default judgment is appropriate as a Rule 16(f) sanction against Niki. Fed. R. Civ. P. 16(f) (incorporating sanctions available under Rule 37(b), including entry of default judgment). To impose the sanction of default judgment pursuant to Rule 16(f), the district court must consider "some or all" of the six factors announced in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *Hoxworth*, 980 F.2d at 919. The *Poulis* factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868. The district court must make factual findings as to these factors, but not all of the factors must "point toward" a default for the sanction to be upheld. *Hoxworth*, 980 F.2d at 919.

---

[2] The certificate of service states that the motion was served by mail on Niki's President, Nikhil Poddar, who represented Niki at the November 8, 2013 conference before Judge Hammer. (Docket No. 29-3).

Here, the *Poulis* factors weigh in favor of the entry of default judgment against Niki. First, Niki is wholly responsible for its failure to re-appoint counsel. Poddar, Niki's President, attended the November 8, 2013 in-person conference before Judge Hammer. Judge Hammer ordered Niki to procure new counsel and have the new counsel enter an appearance by December 8, 2013. (Docket No. 26). The Order also stipulated that fact discovery would close on February 18, 2014. *Id.* Niki disregarded this Order and has not, to date, appointed new counsel to defend this action, nor has it participated in discovery.

Second, AST is substantially prejudiced by Niki's failure to comply with Judge Hammer's Order and complete discovery. Niki has indefinitely stalled discovery and halted the case's progress for eight months. *See Gregg v. GI Apparel, Inc.*, Civ. No. 06-2367 (GEB), 2009 WL 1687476, *3 (D.N.J. June 16, 2009) (finding failure to appoint counsel delayed proceedings and weighed in favor of default judgment). In the meantime, AST's agent, Bondex, paid Zhonglian upwards of $450,000 in satisfaction of the PRC judgments for which AST seeks indemnification.

Third, Niki has shown a pattern of dilatoriness throughout this lawsuit. At the initial scheduling conference on June 23, 2013, former counsel for Niki represented to Judge Hammer that counsel were in the process of working out a settlement. Pl. Br. at 4. After the conference, Niki's counsel made no further contact with AST regarding that settlement. In addition, in August 2013, when AST served discovery requests on Niki (still represented by counsel), Niki failed to respond to the requests even after representing that it would do so. Pl Br. at 4. Several months later, in October 2013, Niki's counsel moved to withdraw without ever having responded to the discovery requests. (Docket No. 22). Niki did not appoint new counsel prior to the withdrawal, instead sending its President, Poddar, to the November 8, 2013 in-person conference. Finally, after being ordered to appoint new counsel by December 2013, Niki failed to do so and remains without counsel of record in this case. In sum, Niki has failed to defend this case and has shown a pattern of disregard for court orders. *See Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, Civ. No. 10-4520 (JEI), 2012 WL 2340418, at *5 (D.N.J. June 19, 2012).

The fourth factor typically looks at whether the conduct of the attorney was willful or in bad faith. *Poulis*, 747 F.2d at 868. Here, however, Niki itself has acted willfully by failing to appoint new counsel in direct contravention of a court order. Niki has proffered no explanation for its failure to comply with

6

Judge Hammer's Order to appoint new counsel, or its more general failure to defend this action. There is no possibility that Niki was unaware of its obligation to comply with the Order because Poddar was present at the conference regarding its counsel's motion to withdraw. Therefore, I find that Niki's actions constitute "a willful failure to participate in this litigation" that far surpass mere negligence. *Payamps v. Huan Le*, Civ. No. 12-7021 (NLH), 2013 WL 6326379, at *4 (D.N.J. Dec. 4, 2013) (citing *Hunt-Ruble*, 2012 Wl 2340418, at *5).

Fifth, alternative sanctions against Niki are not likely to be effective. Niki has ceased all participation in this case, effectively halting the proceedings for eight months. Staying further proceedings would only further prejudice AST and allow Niki to continue avoiding adjudication of AST's indemnification claim. Monetary sanctions are also likely to be ineffective. Niki has not complied with Judge Hammer's Order even though the order expressly warned Niki that sanctions would be imposed. *See* Docket No. 26. Similarly, Niki has not replied to AST's motion for default judgment, or indicated in any other way that it intends to defend its position. In light of Niki's complete abandonment of its defense, default judgment is the appropriate remedy. *See e.g. Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, Civ. No. 12-722 (NLH), 2013 WL 5176735, at *6 (D.N.J. Sept. 12, 2013) (adopting Report and Recommendation); *Williams v. Sullivan*, Civ. No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), *adopted by*, 2011 WL 2112301 (D.N.J. May 25, 2011).

Finally, the sixth *Poulis* factor, the meritoriousness of any defenses Niki may have asserted, does not weigh against imposing the sanction. Because Niki abandoned its defense as of November 8, 2013, a full evaluation of the merits is not possible. The Answer Niki filed (before the withdrawal of counsel) does not overwhelmingly suggest that Niki's defense would be meritorious. Although Niki denied that it owes any payment to Zhonglian, Answer ¶¶ 14, 25, it does not contest the key allegations in the complaint regarding AST. Specifically, Niki admits that it entered into purchase agreements with Zhonglian, that it received the deliveries from AST, that the goods arrived in the United States, and that Niki retained possession of them. Answer ¶¶ 7, 14, 15, 17, 21, 25, 26. Niki also asserted several affirmative defenses: (1) that AST has unclean hands; (2) statute of limitations (unspecified) barred the complaint; (3) lack of jurisdiction over the defendants; (4) failure to state a cause of action; and (5) lack of consideration. No proofs were proffered in connection with these defenses prior to the filing of the motion for default judgment.

Although these defenses are somewhat ambiguous and generic, Niki did not entirely fail to respond to AST's claims. Taking the most generous view of this factor, it has only neutral weight and is not dispositive here. *See Hoxworth*, 980 F.2d at 922; *Colony Ins. Co.*, 2013 WL 5176735 at *6-7.

Therefore, the first five *Poulis* factors weigh in favor of entering default judgment and the sixth factor is neutral. On balance, the *Poulis* factors strongly support entering default judgment. *Curtis T. Bedwell and Sons Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (dismissing case as sanction against plaintiff where first five factors weighed in favor of sanction and sixth factor was neutral); *see also Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, Civ. No. 10-4520 (JEI), 2012 WL 2340418 (D.N.J. June 19, 2012) (striking answer and imposing default for failure to appear and participate in discovery).

## C. Damages

Having found that default judgment is appropriate, the only issue remaining is the appropriate amount of damages to be awarded. The relief AST seeks is permissible under admiralty law and appropriate given the facts presented. However, because the liability of joint tortfeasor Welton has not yet been determined, I will not calculate damages or enter final judgment at this time.

Upon entry of a default judgment, the only allegations in a plaintiff's complaint not assumed to be true are those pertaining to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)). Under Fed. R. Civ. P. 55(b)(2), a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." However, if the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed.R.Civ.P. 55(b) (1); *Comdyne I*, 908 F.2d at 1149. Here, the Court has sufficient evidence to compute the appropriate amount of damages.

AST requests the following relief for the entry of default judgment against Niki: (1) the full amounts of the judgments obtained by Zhonglian against AST ($405,573.99); (2) $11,370.84 in court costs awarded to Zhonglian and paid by AST in the Qingdao Maritime Court ($5,685.42) and on appeal in the Shandong People's High Court ($5,685.42); and (3) the cost of AST's defenses in the two

8

PRC lawsuits ($70,692). Pl. Br. at 12. AST argues that the award of its defense costs are appropriate because this indemnification case was brought under the Court's admiralty jurisdiction. *Id.* at 11.

The award AST seeks, for indemnification and attorney's fees, is appropriate under the laws of admiralty. Although most maritime indemnity cases involve shipowners and stevedors, indemnity may arise in a broader range of relationships. *SMP Corp. v. M/V Ming Moon*, 22 F. 3d 523, 526 (3d Cir. 1994). Under tort principles, a passively negligent party in admiralty may recover indemnity damages from a primary negligent party. *Id.* (citing *Parfait v. Jahncke*, 484 F.2d 296, 303 (5th Cir. 1973); *Hudson Waterways Corp. v. Coastal Marine Serv., Inc.*, 436 F.Supp. 597, 602 (E.D. Tex. 1977)). This principle also allows indemnification where the indemnification plaintiff's liability arises entirely from its contractual relationship with the plaintiff in the underlying suit, and was triggered by the indemnification defendant's unlawful conduct. *Id.* Accordingly, as the secondarily liable party, AST can be indemnified by Niki, the primary tortfeasor. *Id.* ("The general principle allowing indemnity for secondarily liable parties survives under the regime of maritime law."). The entry of default judgment against Niki thus entitles AST to the full amount of the two PRC judgments, including the court costs obtained by Zhonglian.

AST is also entitled to its defense costs for the two PRC cases. Consonant with the general rule, indemnitees in admiralty are entitled to attorney's fees for the defense of a claim properly belonging to the indemnitor. *SMP Corp.*, 22 F. 3d at 525-26 (citing *Cooper v. Loper*, 923 F.2d 1045, 1051-52 (3rd Cir.1991)). Therefore, AST is also entitled to its defense costs for the underlying PRC actions.

However, the current posture of the case militates against awarding damages at this time. In the Complaint, AST alleges that any liability assigned to AST in the PRC actions was "caused solely by the acts, omissions, fault, and/or negligence" of Niki *and* co-Defendant Welton. *Id.* ¶ 29. Therefore, AST seeks indemnification from both Niki and co-Defendant Welton for the PRC judgments. *See* Compl. ¶¶ 30-31. AST further requested that the judgment awarded be imposed jointly or severally against both defendants. *Id.* ¶ 31. Welton disputes its liability and asserted a cross-claim against Niki seeking indemnity and/or contribution from Niki for any judgment or settlement as to Welton. Welton Answer (Docket No. 6) ¶ 66. Welton requested that the clerk enter default against Niki for its cross-claim, but it has not moved for default

judgment. *See* Docket No. 28. So although AST's motion for default judgment does not apply to its claim against Welton, Welton is still a defendant to this case.

Under the rules of admiralty, joint tortfeasors are jointly liable. *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 110 (1974); *In re McAllister Towing and Transp. Co., Inc.*, 432 F.3d 216, 224 (3d Cir. 2005) (stating that contribution depends on mutual responsibility and cannot be sought from a party without liability). Under the "proportionate share rule," damages are assessed on the basis of proportionate fault when such an allocation can reasonably be made. *United States v. Reliable Transfer Co.*, 421 U.S. 397, 409 (1975); *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 207-08, 221 (1994) (citing same and holding that rule also applies in cases where there is a settlement with one or more of several defendants). Moreover, joint and several liability applies in admiralty cases, that is, the plaintiff can collect the entirety of damages from one defendant when there is a judgment against multiple defendants. *McDermott*, 511 U.S. at 220-21 (citing *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 271-72 (1979)).

In this case, Welton's liability has not yet been determined. That as well as the availability of joint and several liability cautions me against entering default judgment for the full amount against Niki at this time. Therefore, although the motion for default judgment is granted, I will not enter judgment until Welton's liability has been decided.

### III. CONCLUSION

For the foregoing reasons, AST's motion is **GRANTED** and default judgment is entered against Defendant Niki International, Inc. A Judgment awarding monetary relief will be entered at the conclusion of the case.

An Order will be entered in accordance with this Opinion.

Dated: July 17, 2014

_____
**Hon. Kevin McNulty**
**United States District Judge**